## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Seibel, being duly sworn according to law, depose and state as follows:

### INTRODUCTION

1. Your Affiant is a law enforcement officer of the United States, and under 18 U.S.C. § 3051. Your Affiant is empowered by the Attorney General to conduct investigations, enforce criminal, seizure, and forfeiture provisions of the laws of the United States, carry firearms, serve warrants and subpoenas issued under the authority of the United States, make arrests without a warrant for any offense against the United States committed in my presence, and make arrests for a felony offense under the laws of the United States if there are reasonable grounds to believe that the person to be arrested has committed or is committing such a felony.

2. Your Affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since February 11, 2020. Your Affiant has completed the Federal Criminal Investigator Training Program and the ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia; as a result of my training and experience as an ATF Special Agent (SA), your affiant is familiar with Federal criminal laws. In addition to the firearms, arson, and explosives related training received in these courses, Your Affiant has conducted and participated in investigations involving firearms, firearms trafficking and drug trafficking. Your Affiant has participated in narcotics/drug enforcement, and the dismantlement of mid-level to upper-level drug trafficking organizations. Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques, which include, but are not limited to, surveillance, undercover operations, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations.

3. Your Affiant has conducted numerous investigations involving the possession, distribution, and trafficking of controlled substances, in addition to the concealment of illicit proceeds from the sale of the controlled substances, violation of Federal firearms and explosives laws, and use of firearms in furtherance of drug trafficking. In conducting these investigations, I have utilized a variety of investigative techniques and resources, including but not limited to surveillance, confidential informants, electronic surveillance, exploitation of telephone and social media data, the interception of wire communications under Title III, interviews, and the review of financial documents.

4. The facts contained in this Affidavit are based upon my personal knowledge of the investigation, in addition to general knowledge, training, and experience, and the observations, knowledge, training, and experience of other officers and agents. All observations referenced below that were not personally made by me, were relayed to me by those who made such observations, either verbally or via reports written by those agents and/or officers.

5. This Affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or law enforcement or known to the government.

6. The term Confidential Source of Information (CI) used in this Affidavit, includes all subjects whom have provided to law enforcement during the course of this investigation, to include, but not limited to subjects who are working with law enforcement agencies in an official capacity as a CI, victims and/or witnesses to crimes, defendants in criminal proceedings, general citizens who wish to protect their identity while providing information to law enforcement, and/or subjects providing information for consideration on criminal charges yet to be filed. This Affidavit will set forth the parameters under which each identified CI has or is providing information to law

enforcement. Law enforcement surveillance referenced in this Affidavit includes the use of electronic surveillance.

7.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21 U.S.C. Section 846 - Conspiracy to Distribute Controlled Substances and Title 21 U.S.C. Section 841 (a)(1) - Possession with Intent to Distribute a Controlled Substance are being committed and will be committed by Eric L. POWELL.

## PURPOSE OF THE AFFIDAVIT

8.      Special Agents and Task Force Officers employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives and Drug Enforcement Administration have been investigating the distribution of controlled substances by POWELL. The investigation has focused on the following:

   a. The possession, distribution, and possession with intent to distribute controlled substances and conspiracy to commit these criminal acts, in violation of 21 U.S.C. § 841(a)(1) and 846.

## FACTS ESTABLISHING PROBABLE CAUSE

9.      Since September 2023, investigators within the ATF, Drug Enforcement Administration (DEA), Euclid Police Department (EPD), Westlake Police Department (WPD), and Cleveland Police Department (CPD) have been conducting a criminal investigation of POWELL regarding violations of Title 21 U.S.C. Section 841(a)(1) - Possession with Intent to Distribute a Controlled Substances and Title 21 U.S.C. Section 846 - Conspiracy to Distribute Controlled Substances.

10.     In September 2023, Your Affiant and SA John Fisher debriefed a Confidential Informant ("CI") who identified a drug trafficker who utilizes the cellular telephone number 216-

413-1666 (Target Cellular Phone); later identified as Eric POWELL who distributes cocaine and fentanyl throughout the Northern District of Ohio. The CI has previously provided credible information related to active narcotics and firearms investigations in the Cleveland, Ohio area to Your Affiant. The CI has provided information in exchange for consideration in a pending criminal case. The CI has provided accurate information in past investigations that has been corroborated by investigators and resulted in seizure of firearms and controlled substances. The CI has provided information to law enforcement agents which has been corroborated through independent means. Information from a CI has been listed in this Affidavit. The CI has arrests and convictions for non-violent offenses. The CI's information has been corroborated to the extent possible by a debriefing of the CI, and law enforcement surveillance. Therefore, Affiant submits that information from the CS about the POWELL is reliable.

11. In August 2023, the CI contacted Your Affiant and informed Your Affiant that the CI was able to order narcotics from POWELL. The CI identified POWELL's Instagram user account as "ltbpedro". The CI identified the images depicted under the Instagram user account "ltbpedro" as POWELL. Your Affiant conducted a query on the Ohio Law Enforcement Gateway (OH-LEG) of POWELL. Your Affiant obtained the driver's license of POWELL and displayed an image of POWELL's driver's license photograph to the ATF CI. The ATF CI provided positive confirmation of driver's license of POWELL. The CI identified the cellular telephone number "216-413-1666", (TT-1) as the cellular telephone number utilized by POWELL.

## **LOYAL TO BROTHERS (LTB) GANG AFFILIATION**

12. Your Affiant has met with investigators with various law enforcement agencies which have provided information of the criminal street gang, identified as Loyal to Brothers or otherwise known as "LTB", which operates as a criminal organization on Cleveland, Ohio's east

side of the city. The criminal street gang's area of operation consists of various streets, geographically in the vicinity of East 117th Street and St. Clair Avenue. Law enforcement has identified members of the criminal gang and their associates. Members of LTB have been previously convicted for weapons violations, felonious assaults, homicides, and drug trafficking.

## CONTROLLED PURCHASE ON OCTOBER 30, 2023

13. On October 30, 2023, Your Affiant utilized the CI to conduct a controlled purchase of thirteen (13) grams of fentanyl from POWELL at 552 East 152nd Street, Cleveland, Ohio. The ATF CI made an outgoing recorded telephone call to the Target Cellular Phone. POWELL directed the ATF CI to meet him (POWELL) at 552 East 152nd Street, Cleveland, Ohio. The ATF CI departed the predetermined location followed by Your Affiant and another ATF agent.

14. The ATF CI arrived at 552 East 152nd Street, Cleveland, Ohio. POWELL arrived at 552 East 152nd Street, Cleveland, Ohio in a Black GMC Sierra, bearing temporary tag R015356. POWELL provided the CI thirteen (13) grams of fentanyl in exchange for $400.00 in prerecorded government funds. POWELL entered the black GMC truck and exited 552 East 152nd Street, Cleveland, Ohio. The ATF CI departed 552 East 152nd Street, Cleveland, Ohio followed by Your Affiant and another ATF agent.

15. Your Affiant and another ATF agent met the ATF CI at a predetermined location. The ATF CI relinquished custody of the purchased narcotics. Your Affiant conducted a search of the ATF CI and his/her vehicle for contraband, in the presence of another ATF agent, with none being found.

16. Law enforcement sent the narcotics purchased by the CI from POWELL to the Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for analysis. On November

29, 2023, the CCRFSL completed the drug chemistry laboratory report and informed Your Affiant that the item tested positive for fentanyl and cocaine with a net weight of 13.14 grams.

## CONTROLLED PURCHASES ON NOVEMBER 29, 2023

17. On November 29, 2023, Your Affiant utilized the CI to conduct a controlled purchase of ten (10) grams of suspected fentanyl from POWELL at 1840 Grantham Road, Cleveland, Ohio. The ATF CI made an outgoing recorded telephone call to the Target Cellular Phone. POWELL directed the ATF CI to meet him (POWELL) off Euclid Avenue, Cleveland, Ohio. The ATF CI received an incoming text message from Target Cellular Phone. The text message consisted of GPS coordinates of the address 1842 Grantham Road, Cleveland, Ohio. The CI departed the predetermined location followed by Your Affiant and another ATF agent.

18. The ATF CI made an outgoing telephone call to Target Cellular Phone. POWELL was located on the street of Grantham Road and directed the ATF CI to park in the driveway of 1840 Grantham Road. Members of ATF surveillance observed the Black GMC truck parked in the driveway of 1840 Grantham Road.

19. POWELL met with the ATF CI and provided ten (10) grams of suspected fentanyl in exchange for $340.00 in prerecorded government funds. POWELL exited the CI's vehicle and entered a blue Honda Accord, bearing Ohio license plate JYM-2524 which was parked on the street of Grantham Road. The CI departed Grantham Road, Cleveland, Ohio followed by Your Affiant and another ATF agent.

20. Your Affiant and another ATF agent met the ATF CI at a predetermined location. The ATF CI relinquished custody of the purchased narcotics. Your Affiant conducted a search of the ATF CI and his/her vehicle for contraband, in the presence of another ATF agent, with none being found.

21. Law enforcement sent the narcotics purchased by the CI from POWELL to the Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for analysis. On December 21, 2023, the CCRFSL completed the drug chemistry laboratory report and informed Your Affiant that the item tested positive for fentanyl with a net weight of 9.99 grams.

22. Your Affiant conducted a license plate query of the Ohio license plate JYM-2524, which provided the vehicle was rented through EAN Holdings, LLC. Your Affiant contacted EAN Holdings, LLC and notified Your Affiant the blue Honda Accord, bearing Ohio license plate JYM-2524 was rented by Sabrina Nelson (B/F, DOB: 4/16/XXXX).

## CONTROLLED PURCHASE ON DECEMBER 6, 2023

23. On December 6, 2023, Your Affiant utilized the CI to conduct a controlled purchase of twenty-eight (28) grams of cocaine from POWELL at the intersection of East 147th Street and Westropp Avenue, Cleveland, Ohio. The ATF CI made an outgoing recorded telephone call to the Target Cellular Phone. POWELL directed the ATF CI to meet him (POWELL) on Eaglesmere Avenue, Cleveland, Ohio. The CI departed the predetermined location followed by Your Affiant and another ATF agent. The ATF CI received an incoming text message from Target Cellular Phone. The text messages stated "Getting off freeway", "Pulling up in white truck" and "Nigga I'm pulling in in a Volvo truck".

24. The ATF CI received an incoming telephone call from Target Cellular Phone. POWELL informed the ATF CI that "there was too many police around here" and directed the ATF CI to the area of East 147th Street and Westropp Avenue. POWELL was located on the street of Westropp Avenue and conducted a window-to-window narcotics transaction on Westropp Avenue. POWELL was in the passenger seat of a white Volvo XC90 bearing Pennsylvania temporary tag 4096218.

25. POWELL provided twenty-eight (28) grams of suspected cocaine to the ATF CI in exchange for $700.00 in prerecorded government funds. The CI departed Westropp Avenue, Cleveland, Ohio followed by Your Affiant and another ATF agent. Members of ATF conducted a surveillance follow on POWELL and observed the white Volvo XC90 travel to 1840 Grantham Road, Cleveland, Ohio.

26. Law enforcement sent the narcotics purchased by the CS from POWELL to the Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for analysis. On January 19, 2024, the (CCRFSL) completed the drug chemistry laboratory report and informed Your Affiant that the clear plastic bag containing compressed off-white powder was found to contain 27.77 grams of Cocaine, a Schedule II controlled substance.

### CONTROLLED PURCHASE ON JANUARY 11, 2024

27. On January 11, 2024, ATF Special Agents utilized the CI to conduct a controlled purchase of twenty-eight (28) grams of cocaine and twenty-eight (28) grams of fentanyl from POWELL at 5915 Saint Clair Avenue, Cleveland, Ohio. The CI made an outgoing recorded telephone call to the POWELL's target cellular telephone, which was observed by ATF agents. The conversation was consensually recorded by investigators and preserved. During the conversation, POWELL directed the ATF CI to meet him (POWELL) on Eaglesmere Avenue, Cleveland, Ohio. The CI and CS's vehicle was searched prior to the controlled purchase by ATF SA's and was found to be free of contraband. The CI departed the predetermined location followed by ATF SA Seibel and another ATF agent. At approximately 2:49 P.M., the ATF CI made another outgoing telephone call to POWELL's target cellular telephone. This phone conversation was observed by ATF SA's, which observed the CI dial POWELL's target cellular telephone. POWELL informed the CI that he (POWELL) had to "stop and grab it from the trap" and then

meet up with the CI to complete the narcotics transaction. The below conversation was consensually recorded by investigators and preserved.

- CS: Yo where the fuck you at bro
- POWELL: I'm right here about to passing metro, where you at
- CS: I'm on the east
- POWELL: I'm heading that way, you at the house
- CS: I'm off 185th
- POWELL: Alright, I'm about to stop and grab it at the trap, then meet me on Eaglesmere Avenue.
- CS: Alright

28. POWELL indicated he would share his iPhone location with the CI for where the trap house is located. Based on Your Affiant's training and experience, a "trap house" is commonly referred to a residence where narcotics and/or firearms are stored for a Drug Trafficking Organization (DTO). Your Affiant is aware it is common practice for narcotics traffickers to utilize "trap houses" to store illegal contraband, such as narcotics and firearms in order to thwart law enforcement efforts in detection. Narcotics traffickers tend to utilize various "trap houses" or stash houses in hopes of disguising their connection to the certain location where the narcotics are stored. Your Affiant is also aware narcotics traffickers often utilize trap houses for the storage of the narcotics rather than having them stored at the narcotics trafficker's residence, due to the risk of detection by law enforcement.

29. On January 11, 2024, at approximately 3:22 P.M., the CI began receiving POWELL's location via POWELL's target cellular telephone. POWELL's location was positioned at 512 East 112th Street, Cleveland, Ohio. POWELL directed the CI to travel to 512 East 112th Street, Cleveland, Ohio. The CI traveled to 512 East 112th Street, Cleveland, Ohio, followed by ATF SA Seibel and another ATF agent.

30. Investigators conducted surveillance and observed a grey Jeep Grand Cherokee, bearing New York Temporary Tag ZJW9504 arrive and park in the driveway of 512 East 112th

Street, Cleveland, Ohio. The ATF CI arrived and received an incoming telephone call from POWELL's target cellular telephone. POWELL indicated he (POWELL) was waiting on "his brother" to bring the key to open the trap house.

31. It should be noted that investigators reviewed tolls which showed that during and after the controlled drug purchase, POWELL calls were observed, however; investigators to identify who POWELL referred to as his "brother".

32. A short time late, POWELL told the ATF CI to follow him (POWELL) down the street to complete the transaction. Investigators conducting surveillance observed POWELL exit the driveway of 512 East 112th Street and directed the ATF CI to park at 5915 Saint Clair Avenue, Cleveland, Ohio.

33. Investigators conducting surveillance observed POWELL drive across the street and meet with an individual, later identified as Curtis WILLIAMS, driving a black Jeep Grand Cherokee, bearing Ohio license plate KCG7638. WILLIAMS exited his vehicle and entered POWELL's vehicle. Investigators conducting surveillance observed WILLIAMS re-enter his vehicle and POWELL drove across the street to 5915 Saint Clair Avenue and met with the CS.

34. Your Affiant reviewed the audio and video recording captured during the controlled purchase operation and observed, POWELL provide one (1) ounce of cocaine and one ounce (1) of fentanyl to the ATF CI in exchange for $1,500.00 in prerecorded government funds. The CI departed 5915 Saint Clair Avenue, Cleveland, Ohio followed by ATF SA Seibel and another ATF agent. Investigators conducted a surveillance follow on POWELL and observed POWELL drive across Saint Clair Avenue and meet with WILLIAMS once again. Investigators observed WILLIAMS enter POWELL's vehicle. A few moments later WILLIAMS exited POWELL's vehicle, and both POWELL and WILLIAMS departed the area driving their respected vehicles.

35. Based on Your Affiant's training and experience, Your Affiant believes POWELL contacted WILLIAMS to transport the narcotics to POWELL, which the CI had previously ordered. Based on the actions observed by investigators, Your Affiant believes WILLIAMS arrived with the narcotics and supplied the narcotics to POWELL, during the time WILLIAMS entered POWELL's vehicle. In return, POWELL paid WILLIAMS for the narcotics and both parties (WILLIAMS and POWELL) concluded the transaction. Your Affiant is aware, based on training and experience, that it is common for narcotics traffickers to often contact other members of the DTO to transport the narcotics to the distributor. Your Affiant is aware narcotics traffickers will contact various sources of supply in order to prevent transporting large quantities of narcotics on their person or in their vehicle, with the potential risk of being discovered by law enforcement.

36. ATF SA Seibel and another ATF agent met the CI at a predetermined location. The ATF CI relinquished custody of the purchased narcotics. Your Affiant conducted a search of the CI and his/her vehicle for contraband, in the presence of another ATF agent, with none being found.

37. Law enforcement transported both controlled substances to the Cuyahoga County Regional Forensic Science Laboratory for drug chemistry testing and is awaiting results. On January 17, 2024, the (CCRFSL) completed the drug chemistry laboratory report and informed Your Affiant that Bag #9006397 the clear plastic bag containing compressed tan fragments and particles was found to contain 32.79 grams of Fentanyl, Xylazine and 4-ANPP, Schedule II and III controlled substances. Bag #9006396 the clear plastic bag containing compressed off-white powder was found to contain 27.78 grams of Cocaine, Schedule II controlled substance.

38. Your Affiant became aware through the deconfliction of law-enforcement databases that WILLIAMS was an active suspect in a current investigation by the DEA in

Cleveland, Ohio. Your Affiant contacted the Westlake Police Department, who informed Your Affiant that WILLIAMS is a suspected kilogram level narcotics trafficker who has been residing in Westlake, Ohio.

39. During the controlled purchase on January 11, 2024, investigators were receiving GPS location data for POWELL's target cellular telephone. During the controlled purchase, the location of POWELL's target cellular telephone and POWELL's location aligned together. Investigators have determined POWELL was and is utilizing POWELL's target cellular telephone to conduct the sale of illegal narcotics.

### CONTROLLED PURCHASE OPERATION ON May 1, 2024

40. On May 1, 2024, Your Affiant utilized the CI to conduct a controlled purchase of Fifty-nine (59) grams of fentanyl and fifty-six (56) grams of cocaine from POWELL at 512 East 112th Street, Cleveland, Ohio. The ATF CI made an outgoing recorded telephone call to the TT-1. Your Affiant observed the CI dial TT-1 during this conversation. POWELL directed the ATF CI to meet him (POWELL) at 512 East 112th Street, Cleveland, Ohio.

- **POWELL:** Hello
- **CI:** What's up bro, where am I going I'm over here about to getting off MLK
- **POWELL:** You're at MLK
- **CI:** Yeah
- **POWELL:** I'm about to have you come to my hood, I'm gonna text you an address
- **CI:** Alright, yo
- **POWELL:** Yeah I'm about to say, pull on the 12th bruh.
- **CI:** Alright I'll be there shortly
- **POWELL:** Alright I'm about to be there, here I come.
- **CI:** Alright

41. Based on Your Affiant's training and experience, the ATF CI and POWELL are conversing where to meet one another to conduct the transaction. POWELL directed the CI to meet on "the 12th", which is slang for 112th street. Your Affiant is aware POWELL operates a suspected stash house at the address of 512 East 112th Street, where Your Affiant believes POWELL stores

narcotics and/or firearms. Your Affiant is aware the practice of storing contraband and money at locations makes it necessary for the drug trafficker to possess and transport contraband and money to and from storage locations, including storage lockers, also sometimes referred to as "stash or trap houses."

42. The CI and CI's vehicle was searched prior to the controlled purchase by Your Affiant and another ATF SA and was found to be free of contraband. The CI departed the predetermined location and was followed by Your Affiant and another ATF SA.

43. The ATF CI arrived at 512 East 112th Street, Cleveland, Ohio. The CI parked in the driveway of 512 East 112th Street. As the CI was parked, a white Nissan Rogue, bearing Ohio license plate JVW-4237 arrived and ordered the CI to move out of the driveway and park on the street. Your Affiant is aware Kenneth DUNNICAN is the driver of the white Nissan. Your Affiant is aware a pole camera was also in place on the residence of 512 East 112th. Investigators have observed DUNNICAN utilize 512 East 112th Street to conduct narcotics trafficking activities collectively with POWELL. DUNNICAN is documented as a member of LTB and close associate of POWELL and THOMAS.

44. The CI received and incoming telephone call from POWELL via TT-1. POWELL inquired to the CI if the white truck was currently in the driveway of 512 East 112th. The CI informed POWELL that he (DUNNICAN) was. POWELL identified DUNNICAN as "his brother" and stated he will tell him (DUNNICAN) to pull out when POWELL arrived at 512 East 112th Street.

45. At approximately 5:58 P.M., POWELL arrived at 512 East 112th Street, Cleveland, Ohio. POWELL was operating his grey Jeep Grand Cherokee and backed in the driveway of 512 East 112th Street. The CI then pulled in the driveway of 512 East 112th Street. POWELL is observed

by surveillance as he (POWELL) exited the grey Jeep Grand Cherokee and walked towards the rear of the residence of 512 East 112th Street. POWELL exited the rear door of the residence and entered the CI's vehicle.

46. Your Affiant observed the audio and video captured during the controlled purchase and observed POWELL meet with the CI and provide fifty-nine (59) grams of fentanyl and fifty-six (56) grams of cocaine in exchange for $3,100.00 in prerecorded government funds. POWELL exited the CI's vehicle and entered re-entered the grey Jeep Grand Cherokee. The CI departed 512 East 112th Street, Cleveland, Ohio followed by Your Affiant and another ATF SA.

47. Your Affiant and another ATF SA met the ATF CI at a predetermined location. The ATF CI relinquished custody of the purchased narcotics. Your Affiant conducted a search of the ATF CI and his/her vehicle for contraband, in the presence of another ATF SA, with none being found. The CI informed Your Affiant upon POWELL parking in the driveway of 512 East 112th, the CI heard the audible noise of a door closing from the rear of 512 East 112th Street and could see POWELL in the windows of the residence from the CI's positioning in the driveway.

48. On May 2, 2024, the (CCRFSL) completed the drug chemistry laboratory report and informed Your Affiant that Bag #9007331 the clear plastic bag containing compressed white fragments and particles was found to contain 56.46 grams of Cocaine, Schedule II and III controlled substances. Bag #9007332 the clear plastic bag containing tan powder was found to contain 59.12 grams of Fentanyl, Xylazine and 4-ANPP, Schedule II drugs. (CCRFSL) Lab# 2024-0003145-0001.

## CONCLUSION

49. Based on my training and experience, Your Affiant believes and asserts there is probable cause to believe POWELL violated Title 21 U.S.C. §§ 841, 846, Possession with Intent to Distribute Controlled Substances and Conspiracy to Distribute Controlled Substances.

50. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge, information, and belief.

51. The above violations were committed in the Northern District of Ohio, Eastern Division. Your Affiant requests that an arrest warrant be issued for POWELL.

_____
Christopher Seibel
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed before me,
this 10 day of May, 2024 at 11:00 a.m.

_____
HONORABLE JENNIFER DOWDELL ARMSTRONG
United States Magistrate Judge