# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.     1:24-MJ-9121 |
| Eric Powell | ) | |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

    ☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
    ❏ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

> ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

> ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

> ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

> ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

> ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

> ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

> **OR**

> ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

> ☑ Weight of evidence against the defendant is strong
> ☑ Subject to lengthy period of incarceration if convicted
> ☑ Prior criminal history
> ☑ Participation in criminal activity while on probation, parole, or supervision
> ❏ History of violence or use of weapons
> ❏ History of alcohol or substance abuse
> ❏ Lack of stable employment
> ❏ Lack of stable residence
> ❏ Lack of financially responsible sureties

❑ Lack of significant community or family ties to this district
❑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Mr. Powell failed to rebut the presumption that he is a danger to the community. And even if he had done so, the Government met its burden of persuasion by demonstrating with clear and convincing evidence that Mr. Powell is a danger to the community or others.

1) 18 U.S.C. 3142(g)(1): Mr. Powell is charged with conspiracy to distribute and possession with intent to distribute controlled substances, including fentanyl. Numerous courts within the Sixth Circuit have recognized that fentanyl is an exceptionally dangerous drug. See, e.g., United States v. Holden, 2017 WL 1362684, at *2 (E.D. Ky. April 12, 2017) ("The danger associated with trafficking in ... fentanyl leading to near fatal overdoses cannot be overstated.") The Complaint alleges that Mr. Powell sold significant amounts of fentanyl and cocaine to a confidential informant on at least five occasions from October 30, 2023 to May 1, 2024. This factor therefore weighs in favor of detention based on danger to the community.

2) 18 U.S.C. 3142(g)(2): On April 29, 2024, Mr. Powell pled guilty to drug trafficking in the Cuyahoga County Court of Common Pleas (Case No. CR-23-682980) and was sentenced to community control. But the Complaint alleges that on May 1, 2024 - a mere two days after the Cuyahoga County sentencing - Mr. Powell allegedly sold 59 grams of fentaynl and 56 grams of cocaine to a confidential informant. Accordingly, this factor weighs in favor of detention based on danger to the community.

3) 18 U.S.C. 3142(g)(3): The Court recognizes that Mr. Powell is a lifelong resident of the community and has strong family ties, as evidenced by the fact that members of his family attended the detention hearing to demonstrate their support. But this positive fact is greatly outweighed by the nature of the instant criminal charge and Mr. Powell's very recent history of alleged drug trafficking activity while under community control. Accordingly, this factor weighs in favor of detention based on danger to the community.

4) 18 U.S.C. 3142(g)(4): The Sixth Circuit has recognized that "[d]rug trafficking is a serious offense that, in itself, poses a danger to the community." United States v. Stone, 608 F.3d 939, 947 n.6. For this reason, "the Sixth Circuit routinely affirms, on dangerousness grounds the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has committed violence." Id. (collecting cases). Here, far from being a "run-of-the-mill" drug dealer, the Complaint alleges that Mr. Powell sold significant quanties of fentanyl to a confidential source over a period of at least six months. This factor therefore weighs in favor of detention based on danger to the community.

For the reasons set forth above, the Court declines to accept the recommendation of Pretrial Services that Mr. Powell be released on bond. The record suggests that Mr. Powell failed to comply with the community control conditions imposed on April 29, 2024, and "there is no reason to believe things will be different now." United States v. Beard, 528 F.Supp.3d 764, 775 (N.D. Ohio 2021). Moreover, the Complaint alleges that Mr. Powell used a cell phone to transact the controlled buys in this case, and courts have recognized that limiting cell phone use is impractical or impossible. Id. Overall, the record leaves the Court with "a firm belief that it is highly probable that [Mr. Powell] will, if released, engage in criminal activity and pose a danger to the safety of the community." Id.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  05/22/2024                                    /s/ Jennifer Dowdell Armstrong
                                                              United States Magistrate Judge